UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH

Case No. 01-8837-CIV-RYSKAMP/VITUNAC

CHARLES VAVRUS,

    Plaintiff,

v.

JOSEPH RUSSO, an individual; MARK
HENDRICKSON, an individual;
ROXANNE MANNING, an individual;
BOBBIE H. HERAKOVICH, an individual,
and THE CITY OF PALM BEACH GARDENS, a
municipal corporation,

    Defendants.
_____/



FILED by _____ D.C.

FEB 1 6 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

**ORDER GRANTING IN PART AND RESERVING IN PART INDIVIDUAL
DEFENDANTS' MOTION TO TAX ATTORNEY'S FEES**

THIS CAUSE comes before the Court upon the Defendants', Russo, Hendrickson, Manning and Herakovich's Motion to Tax Attorneys' Fees and Memorandum of Law in Support **[DE 179]**, filed on September 15, 2004. The Court stayed the motion on September 23, 2004, pending the outcome of the Plaintiff's appeal to the Eleventh Circuit **[DE 184]**. On June 13, 2005, the Eleventh Circuit issued its mandate affirming the judgment of this Court, and on December 2, 2005, the Individual Defendants thereafter gave notice of their intent to proceed with the motion **[DE 199]**. On December 20, 2005, Plaintiff filed a Memorandum of Law in Response to Individual Defendants' Motion for Attorneys' Fees on Appeal **[DE 201]**. The Individual Defendants then filed a Reply to Plaintiff's Response to Motion to Tax Attorneys' Fees **[DE 202]** on December 28, 2005. The motion is now fully briefed and ripe for

adjudication.

I.  **Introduction**

A detailed recitation of the factual and procedural history of this litigation has been provided by this Court in its Order Granting Defendant City and Individual Defendants' Motions for Summary Judgment and Denying as Moot Plaintiff's Motion for Partial Summary Judgment **[DE 176]**. Stated simply, in this lawsuit Plaintiff alleged violations of his rights to equal protection and substantive due process arising out of Defendants' "campaign of harassment against Plaintiff through the use of code enforcement proceedings and ex parte injunction actions" taken "in an effort to coerce Plaintiff to sell his ranch... at less than its fair market value and to stymie his efforts to deannex the property from the City." Am. Compl. **[DE 26]**, at 1-2.

On August 11, 2004, the Court granted summary judgment in favor of the Individual Defendants[1] **[DE 176]**. On his equal protection claims, the Court found that Plaintiff had failed to show that he had been treated differently than other similarly situated persons, and did not reach the issue of whether the Individual Defendants' actions were taken with the purpose of discriminating against Plaintiff. On the substantive due process claims, the Court found that Plaintiff had failed to show that the executive actions taken by the Individual Defendants rose to the level of "conscience shocking," as required under *County of Sacramento v. Lewis*, 523 U.S. 833 (1998). The Court entered a Final Judgment **[DE 175]** in favor of all defendants in this action, and the Individual Defendants now move this Court to award attorneys' fees to them as prevailing parties.

---

[1] The "Individual Defendants" include Joseph Russo (Mayor), Mark Hendrickson (City Forrester), Roxanne Manning (City Growth Management Director), and Bobbie H. Herakovich (City Manager).

2

## II. Discussion

Under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, a district court is authorized to award a reasonable attorney's fee to prevailing parties in civil rights litigation. The purpose of Section 1988 is to ensure "effective access to the judicial process" for persons with civil rights grievances. H.R. Rep. No. 94-1558, p. 1 (1976). Accordingly, a prevailing plaintiff "'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" S. Rep. No. 94-1011, p. 4 (1976), U.S. Code Cong. & Admin. News 1976, p. 5912 (quoting *Newman v. Piggie Park Enterprises*, 390 U.S. 400, 402 (1968)). A prevailing defendant, on the other hand, may recover an attorney's fee only where the suit was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)).

Additionally, the amount of the fee must be determined on the facts of each case. In general, the twelve factors that courts consider for an attorney's fee are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and the length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

In this case, the Individual Defendants argue that they are entitled to attorney's fees

incurred in the district court because Plaintiff brought his equal protection claim based on mere speculation of discriminatory motives on their part, and because Plaintiff failed to identify a single similarly situated property owner throughout the litigation. Defendants also contend that Plaintiff's substantive due process claim was meritless because it was foreclosed by the well-settled precedent of, *inter alia*, *McKinney v. Pate*, 20 F.3d 1550 (11th Cir. 1994). The Individual Defendants estimate their attorney's fees incurred up to the entry of final judgment to be $138,510.46, based on attorney hourly rates of $125.00 and $145.00, and paralegal hourly rates of $65.00.

### A.  Entitlement to Attorney's Fees

The standard for awarding attorney's fees to a prevailing defendant is a stringent one. *See Boler v. Space Gateway Support Co. LLC*, 290 F. Supp. 2d 1272, 1279 (M.D. Fla. 2003). As stated by the Supreme Court in *Christiansburg*, a prevailing defendant is entitled to an award of attorney's fees only upon a showing that the plaintiff's suit was "meritless" in the sense that it was "groundless or without foundation, rather than simply that the plaintiff has ultimately lost his case." *Christiansburg*, 434 U.S. at 421. A court must not focus on whether the claim was ultimately successful in determining frivolity, and a defendant is not entitled to fees merely because it prevailed on summary judgment. *See Boler*, 290 F. Supp. 2d at 1279-80. In deciding whether a suit was truly frivolous to support an award of fees, the Supreme Court cautioned:

> [I]t is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable.

> Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*Christiansburg,* 434 U.S. at 421-22.

Thus, a case is not frivolous where the plaintiff provides sufficient evidence to support his claims. *See Boler,* 290 F. Supp. 2d at 1280. Although the inquiry is not subject to immutable rules, the Eleventh Circuit looks to three factors in determining whether a prevailing defendant is entitled to an award of attorney's fees: (1) whether the plaintiff established a *prima facie* case; (2) whether the defendant offered to settle; and (3) whether the action was decided on a dispositive motion rather than at a trial on the merits. *Id.* (citing, e.g., *Head v. Medford,* 62 F.3d 351, 356 (11th Cir. 1995)). Moreover, courts applying the three factors have been reluctant to award fees unless the plaintiff "refused to acknowledge clear precedent or asserted a claim which was based knowingly on a nonexistent interest." *Id.*

In this case, application of this three-prong test supports an award of attorney's fees. First, the Court found in its summary judgment order that Plaintiff had failed to establish a *prima facie* case under the equal protection and substantive due process clauses. Specifically, Plaintiff failed to show that he had been treated differently than other similarly situated persons. *See, e.g., Strickland v. Alderman,* 74 F.3d 260, 264-65 (11th Cir. 1996) (holding that plaintiff failed to make a *prima facie* showing that he was similarly situated when he presented no evidence that other property owners violated an ordinance as "egregiously" as he did). Indeed, Plaintiff failed to identify any similarly situated property owner whatsoever. Plaintiff also failed to show that he was deprived of a right that was "fundamental," that is, "implicit in the concept of ordered

liberty." *McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994) (quoting *Palko v. Conn.*, 302 U.S. 319, 325 (1937)). As this Court stated in its summary judgment order, rights which are created only by state law are not subject to substantive due process protection. *Id.; Dekalb Stone, Inc. v. County of Dekalb, Ga.*, 106 F.3d 956, 959 (11th Cir. 1997). Thus, zoning decisions generally do not implicate constitutional guarantees. *See Greenbriar Village, L.L.C. v. Mountain Brook City*, 345 F.3d 1258, 1262 (11th Cir. 2003). Additionally, the Court found that Plaintiff failed to establish, as a narrow exception, that the executive actions taken by the Individual Defendants were so egregious so as to "shock the conscience" of the federal court. *See County of Sacramento v. Lewis*, 523 U.S. 833 (1998). Thus, the Court found that Plaintiff failed to establish a *prima facie* case on either his equal protection or substantive due process claims.

Next, the Court cannot make a determination as to whether the Individual Defendants offered to settle the case. There is no record evidence one way or another. However, the third factor weighs in the Individual Defendants' favor, as this Court dismissed the case prior to trial on a dispositive motion. As stated above, the Court found in its summary judgment order that Plaintiff's equal protection and substantive due process claims were insufficient as a matter of law. Accordingly, application of the Eleventh Circuit's three-prong test for frivolity leads the Court to conclude that Plaintiff's claims were legally meritless. The Individual Defendants are, therefore, entitled to attorney's fees in accordance with 42 U.S.C. § 1988. *See Head*, 62 F.3d at 356.

**B.    Amount of Attorney's Fees**

The Individual Defendants estimate their attorney's fees incurred up to the entry of final judgment to be $138,510.46. They have not attached any documentation to substantiate this

6

amount, but state that invoices for attorneys' fees are available for inspection and copying. Additionally, they represent that the fees are based on hourly rates of: (1) $145.00 for work performed by partners; (2) $125.00 for work performed by associates; and (3) $65.00 for work performed by paralegals.

An attorney's fee award should include only those hours that were reasonably expended on the litigation, and a prevailing party bears the burden of producing contemporaneous time records that specify, for each attorney, the date, the hours expended, and the nature of the work done, so the Court can audit the hours and determine whether they were reasonably expended. *See In re First Colonial Corp. of America*, 544 F.2d 1291, 1300 (5th Cir. 1977). In this case, the Individual Defendants have altogether failed to submit any time records that indicate the names of each attorney (or paralegal) whose time should be included, the date of work, hours worked, hourly rate, total amount of fees, and a description of the work performed. Thus, the Court cannot determine whether any hours claimed were excessive, redundant, and unnecessary hours; hours which are inadequately documented; and hours which would be unreasonable for an attorney to bill the client or opposing counsel in the exercise of good billing judgment.[2] *See*

---

[2] The Court also recognizes that time spent by paralegals may be included as attorney hours. *See Miller v. Kenworth of Dothan, Inc.*, 117 F. Supp. 2d 1247, 1258 (M.D. Ala. 2000) ("Reasonable attorney's fees include the compensation of paralegals and law clerks at the prevailing market rate"). However, the time spent by paralegals should only be included "to the extent that such work is 'traditionally done by an attorney.'" *Id.* (quoting source omitted). Otherwise, paralegal time should be considered an unrecoverable overhead expense. *See also Hyatt v. Barnhart*, 315 F.3d 239, 255 (4th Cir. 2002). Paralegal work that may be included as attorney time include tasks such as researching and drafting an outline of a brief, Shepardizing case law, digesting and indexing depositions, or interviewing clients. *See In re CF & I Fabricators of Utah, Inc.*, 131 B.R. 474, 490 (Bkrtcy. D. Utah 1991). In other words, the time should be "substantive or procedural legal work," rather than work that is secretarial or administrative in nature. *Id.* Without adequate time records for the paralegal hours claimed, the Court cannot determine whether the fees claimed for paralegal work should be included in the

*Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The Individual Defendants shall, therefore, be ordered to file appropriate documentation of the attorney and paralegal hours claimed.

At the present time, the Court can only find that the hourly rates claimed by the Individual Defendants are reasonable. A reasonable hourly rate is the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *ACLU v. Barnes*, 168 F.3d 423, 436 (11th Cir. 1999). The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with the prevailing market rate. *See NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir. 1987). At a minimum, "satisfactory evidence" requires more than the affidavit of the attorney performing the work and can involve direct evidence of charges by lawyers under similar circumstances or opinion evidence. *Harbaugh v. Greslin*, 365 F. Supp. 2d 1274, 1281 (S.D. Fla. 2005). In the absence of satisfactory evidence, however, the Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

In this case, the Court is guided in part by the Florida Bar's 2004 Economics and Law Office Management Survey, which indicates that over fifty percent (50%) of attorneys in this state charge hourly rates of $199 or below. *See* FLA. BAR NEWS, Feb. 1, 2005, at 14. The article also indicates that over seventy percent (70%) of law firms charge more than $60 per hour for work performed by legal assistants or paralegals. Therefore, based on the Court's review of the

---

total attorney's fee award.

record, and applying its own knowledge and experience, the Court finds that the claimed hourly rates of $65.00 for paralegals, $125.00 for associates, and $145.00 for partners are reasonable.

In sum, the Court requires additional documentation from the Individual Defendants to determine whether the claimed total figure of $138,510.46 constitutes a reasonable attorney's fee award. Therefore, with respect to the amount of the fee to be awarded, the motion is stayed to allow the Individual Defendants to file appropriate documentation, *i.e.,* time records that specify, for each attorney (or paralegal), the date, hourly rate, hours expended, and the nature of the work performed. The Court reserves ruling on the amount of the fee until after reviewing the Individual Defendants' supplemental filing.

### III.  Conclusion

Based on the foregoing, and upon the Court's careful consideration of the record, it is hereby,

ORDERED AND ADJUDGED that:

(1)   Defendants', Russo, Hendrickson, Manning and Herakovich's Motion to Tax Attorneys' Fees and Memorandum of Law in Support **[DE 179]** is GRANTED in part, to the extent that this Court finds that the Individual Defendants are entitled to recover their attorney's fees under 42 U.S.C. § 1988, and STAYED in part, with respect to the amount of the fee to be awarded;

(2)   The Individual Defendants are ORDERED to file with the Court, within fifteen (15) days of the date of this Order, appropriate documentation to substantiate the attorney's fees claimed in the present motion, including time records that specify, for each attorney (or paralegal), the date, hourly rate, hours expended, and the nature of the work performed; and

(3) Within ten (10) days after the filing of the supplemental documentation set forth in Paragraph (2) above, Plaintiff may file a response thereto.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this _16_ day of February, 2006.

   _/s/ Kenneth L. Ryskamp_
   KENNETH L. RYSKAMP
   UNITED STATES DISTRICT JUDGE

Copies provided:
All counsel of record