UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH

Case No. 01-8837-CIV-RYSKAMP/VITUNAC

CHARLES VAVRUS,

  Plaintiff,

v.

JOSEPH RUSSO, an individual; MARK
HENDRICKSON, an individual;
ROXANNE MANNING, an individual;
BOBBIE H. HERAKOVICH, an individual,
and THE CITY OF PALM BEACH GARDENS, a
municipal corporation,

  Defendants.
_____/



## ORDER GRANTING INDIVIDUAL DEFENDANTS' MOTION TO TAX ATTORNEY'S FEES

THIS CAUSE comes before the Court upon the Defendants', Russo, Hendrickson, Manning and Herakovich's Motion to Tax Attorneys' Fees and Memorandum of Law in Support **[DE 179]**, filed on September 15, 2004. On December 20, 2005, Plaintiff filed a Memorandum of Law in Response to Individual Defendants' Motion for Attorneys' Fees on Appeal **[DE 201]**. The Individual Defendants then filed a Reply to Plaintiff's Response to Motion to Tax Attorneys' Fees **[DE 202]** on December 28, 2005.

On February 16, 2006, the Court granted the motion in part, to the extent that it found that the Individual Defendants were entitled to recover their attorney's fees under 42 U.S.C. § 1988, and stayed the motion in part, with respect to the amount of the fee to

be awarded **[DE 207]**. The Court also ordered the Defendants to file documentation to substantiate the attorney's fees claimed in present motion. On March 1, 2006, the Individual Defendants filed a Supplemental Filing in Support of Motion for Attorneys' Fees **[DE 208]**. Plaintiff filed a Response to Individual Defendants' Supplemental Filing in Support of Motion for Attorneys' Fees **[DE 209]** on March 13, 2006. The motion is now ripe for adjudication.

## I.   Introduction

A detailed recitation of the factual and procedural history of this litigation has been provided by this Court in its Order Granting Defendant City and Individual Defendants' Motions for Summary Judgment and Denying as Moot Plaintiff's Motion for Partial Summary Judgment **[DE 176]**. Additionally, the Court refers to its previous Order on this motion **[DE 207]** for a summary of this litigation.

## II.   Discussion

Under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, a district court is authorized to award a reasonable attorney's fee to prevailing parties in civil rights litigation. As set forth in its previous order **[DE 207]**, the Court has determined that the Individual Defendants are entitled to recover their attorney's fees, and the only issue that remains is the amount of such fee to be awarded.

The amount of the fee must be determined on the facts of each case. An attorney's fee award should include only those hours that were reasonably expended on the

litigation, and a prevailing party bears the burden of producing contemporaneous time records that specify, for each attorney, the date, the hours expended, and the nature of the work done, so the Court can audit the hours and determine whether they were reasonably expended. *See In re First Colonial Corp. of America*, 544 F.2d 1291, 1300 (5th Cir. 1977). The court should exclude any hours claimed that are excessive, redundant, and unnecessary hours; hours which are inadequately documented; and hours which would be unreasonable for an attorney to bill the client or opposing counsel in the exercise of good billing judgment. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

In their motion, the Individual Defendants claimed $138,510.46 in attorney's fees. Mot. to Tax Atty Fees **[DE 179]**, at ¶ 13. In their Supplemental Filing, however, they request a lower total fee award of $132,171.50. The latter figure is substantiated by the time records provided, so the Court shall proceed in its determination based on that figure.

The Court previously found that the Defendants' claimed hourly rates of $65.00 for paralegals, $125.00 for associates, and $145.00 for partners are reasonable. *See* Ord. Granting in Part and Reserving in Part Mot. to Tax Attorney's Fees **[DE 207]**, at 8-9. The Court has now reviewed the time records submitted by the Individual Defendants, and is satisfied that the hours claims do not appear excessive, duplicative or unnecessary, and the time entries provided are sufficiently detailed to show work that was reasonably related to the litigation. Moreover, the Court notes that Plaintiff concedes that he "does

not challenge the reasonableness of the amount of fees the Individual Defendants claim they are entitled to, as that amount is stated in the Supplemental Filing."[1] *See* Pl. Resp. **[DE 209]**, at ¶ 8.

### III. Conclusion

Based on the foregoing, and upon the Court's careful consideration of the record, it is hereby,

ORDERED AND ADJUDGED that:

(1) Defendants', Russo, Hendrickson, Manning and Herakovich's Motion to Tax Attorneys' Fees and Memorandum of Law in Support **[DE 179]** is GRANTED; and

(2) A Final Judgment on Attorney's Fees shall be entered separately.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 20 day of March, 2006.

KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

Copies provided:
All counsel of record

---

[1] Although Plaintiff argues that he continues to challenge the Individual Defendants' entitlement to attorneys' fees, the issue has already been decided by this Court and Plaintiff has failed to set forth any ground for reconsideration.

4